**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **PLAINTIFF** |
| | ) | |
| **VS.** | ) | **No. 4:24CR00006-001 BSM** |
| | ) | |
| **SADIE RANFERI-GONZALEZ** | ) | **DEFENDANT** |
| | ) | |

**DEFENDANT'S MOTION FOR VARIANCE AND/OR DEPARTURE FROM THE SENTENCING GUIDELINES AND ACCOMPANYING SENTENCING MEMORANDUM**

Comes now the Defendant, Sadie Ranferi-Gonzalez, by and through his attorney, Lott Rolfe, IV, and with his Motion for Variance and/or Departure from the Sentencing Guidelines with accompanying Sentencing Memorandum, states the following:

The Defendant entered a plea of guilty to the charge of Conspiracy to Distribute Methamphetamine under 21 U.S.C. § 841(a)(1), (b)(1)(A), and 846. The crime is a Class A felony punishable by term of ten years to life in prison and fines up to $10,000,000.00 dollars.

The Defendant's total adjusted offense level for this charge is 33 (thirty-three) and he has a criminal history category of one (1). It is anticipated that the Defendant's guideline imprisonment range would fall between 135-168 months. The Defendant has been in federal custody on this offense since September 11, 2025. The Defendant also has an ICE hold from Immigration and Customs Enforcement and is likely to be deported to his native country of Guatemala upon completion of his sentence. In light of the current circumstances, the Defendant believes that the guideline range, or any sentence above it, has the potential of being unreasonably excessive. The Defendant requests that this Court consider his request for leniency and use its judicial discretion to vary and/or depart from the sentencing guidelines and sentence

the Defendant to the mandatory minimum sentence of 120 months or some other reasonable alternative that is tailored to his particular circumstances.

## I. **ARGUMENT**

A sentencing court is allowed to consider Guideline ranges, but they are still permitted to tailor sentences in light of other statutory concerns as well." *United States v. Archuleta*, 412 F.3d 1003, 1006 (8th Cir. 2005) (quoting *United States v. Booker*, 125 S.Ct. 738 757 (2005)). Considering the factors under 18 U.S.C. 3553(a), the Defendant is requesting that this Court consider a lenient sentence that is reasonable, under the circumstances, and that the mandatory minimum of ten years or some other reasonable alternative be considered.

## II. **LENIENCY FACTORS TO CONSIDER**

The Defendant is requesting that the Court consider the following in its determination of his sentence:

(a) The age of the Defendant;

(b) Lack of Formal Education;

(c) Citizenship status and ICE hold;

(d) Difficult childhood and family hardship;

(e) Family members who would be devastated by a lengthy sentence;

(f) Alcohol/Substance abuse issues;

(g) The belief that he can still make a worthwhile contribution to society;

(h) Statements provided by Counsel and Defendant at time of sentencing;

Pursuant to the Guidelines and the calculation in the presentence report, it is expected that the Defendant is facing a guideline range of 135 to 168 months. The Defendant believes that there are mitigating factors, under the 18 U.S.C. §3553(a), that would be beneficial to the Defendant

and would justify a more lenient sentence of 120 months. Mr. Gonzalez is remorseful about his conduct and dwells daily on his actions that have brought him before this Court. Mr. Gonzalez believes that any sentence above the mandatory minimum of 10 years would be inappropriate and that justice would still be served with a more lenient sentence.

Mr. Gonzalez has had a long time to dwell on his actions, the consequences of his conduct, and the hardships that have been placed on his family since his incarceration. Since his arrest on these charges, Mr. Gonzalez has a strong desire to get his life back on track. Unfortunately for Mr. Gonzalez, negative peer associations have contributed heavily to his current situation that brings him before this Court. An extended period of incarceration would weigh heavily on his family who still care for and desire the best for him.

Mr. Gonzalez has been a model detainee and Counsel is not aware of any discipline problems since his detention. Mr. Gonzalez believes that justice can be reasonably accomplished with a more lenient sentence and he would agree to follow any other conditions that the Court would seek impose along with that.

Because of the above stated reasons, Mr. Gonzalez requests that this Court use its discretion and sentence him to a more lenient sentence.

## III. CONCLUSION

The Defendant believes justice would be served with a lenient sentence and that it is within the discretion of the Court to do so. Wherefore, it is respectfully requested that this Court use its discretion in sentencing Mr. Gonzalez to the mandatory minimum sentence of 10 years and that he receive any other relief that he may be entitled to under the law.

Respectfully submitted,

Lott Rolfe IV
Lott Rolfe IV (97102)
Attorney for Defendant
2024 Arkansas Valley Drive, Ste. 704
Little Rock, AR 72212
(501) 604-4530
(501) 975-3824 (fax)
lottrolfe@att.net

**CERTIFICATE OF SERVICE**

On this 5th day of May, 2026, I electronically filed the foregoing with the Clerk of the Court, which shall send electronic notification to all counsel of record in this matter.

Lott Rolfe IV